## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                **CRIMINAL ACTION**

**VERSUS**                                  **NO. 21-26**

**DEANDRE ROSE**                            **SECTION: D (3)**

### ORDER and REASONS

Before the Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person In Federal Custody, filed by Deandre Rose ("Petitioner").[1] The Government has filed a Response to the Motion,[2] and Petitioner has filed a Reply.[3] Also before the Court is a Motion For Leave To Amend and or [sic] Supplement Defendant's 28 U.S.C. Section 2255 Motion To Vacate, Set Aside, or Correct Sentence[4] and a Motion for Evidentiary Hearing and or [sic] Appointment of Counsel (Per 28 USC Section 2255 Motion),[5] both filed by Petitioner. The Government opposes both Motions.[6]

Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing as the law and the record of the case conclusively show that Petitioner is not entitled to relief.

After careful consideration of the record, the parties' memoranda, and the applicable law, all three Motions are **DENIED.**

---

[1] R. Doc. 53. Because of Rose's *pro se* status, the Court has allowed for additional time and liberally construed his pleading.
[2] R. Doc. 60.
[3] R. Doc. 61.
[4] R. Doc. 62.
[5] R. Doc. 63.
[6] R. Doc. 65.

## I.    FACTUAL AND PROCEDURAL HISTORY

On March 5, 2021, Petitioner was indicted by a grand jury for a violation of 18 U.S.C. § 922 (g)(1).[7]  The indictment alleged that Petitioner knowingly possessed a firearm and had predicate felony convictions for carjacking, attempted felon in possession of a firearm, and being felon  in possession of a firearm.[8]  On September 28, 2021, Petitioner appeared in Court and pled guilty as charged to the one-count indictment.[9]  Petitioner was sentenced on January 18, 2022 and the Court issued its Judgment that same day.[10]  Petitioner did not file an appeal.

On July 8, 2024, Petitioner filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[11]  In his Motion, Petitioner raises one ground for relief, namely, that the Government lacked subject matter jurisdiction and or violated his Second Amendment right to bear arms and that the prosecution "violates the 'plain text' of the constitution 'as applied' to the Petitioner that affords the Petitioner the right to bare arms and the Government cannot show a historical tradition of categorically disarming felons."[12]  Petitioner bases his claim on the Supreme Court's decision in *New York State Rifle and Pistol*

---

[7] R. Doc. 1.

[8] *Id*.  The indictment also reflects a third predicate felony conviction from July 29, 2010 under Orleans Parish Criminal Docket No. 496-356, and the Factual Basis which the Petitioner signed and acknowledged was accurate specifies that that third predicate conviction was for simple robbery.  *See* R. Doc. 30 at p. 3.

[9] R. Doc. 29.

[10] R. Docs. 45 & 46.

[11] R. Doc. 53.

[12] *Id*. at p. 4.

*Association, Inc. v. Bruen*[13] and the Fifth Circuit's decision in *United States v. Rahimi*.[14]

The Government filed a timely response in opposition to Petitioner's Motion, arguing that Petitioner's reliance on *Bruen* and *Rahimi* is misplaced as neither decision upset prior circuit precedent holding that § 922(g)(1) is constitutional.[15] After reciting the factual background of Petitioner's case, the Government argues that:

> The instant case presents a clear example of why § 922(g)(1) exists in the first place and how it is an outgrowth of the historical tradition regarding firearm regulation. Deandre Rose previously pled guilty to three felonies, two of which involved robbery and the use of a firearm. Rec. Doc. 30, p. 3. Rose's criminal history is analogous to the dangerous conduct envisioned in the "Going Armed" laws of the 18th and 19th centuries which disarmed individuals who sought to "terrify[] the good people of the land" through the use of "dangerous or unusual weapons."[16]

The Government further notes that, when faced with a facial challenge to a statute, "the Government need only demonstrate that [the law at issue] is constitutional in some of its applications."[17]  In a response to Petitioner's Motion for Leave to Amend and or Supplement his Motion to Vacate, the Government further argues that Petitioner's Motion to Vacate is untimely because it was filed well after the requisite one-year period established under 28 U.S.C. § 2255 and Petitioner has

---

[13] 597 U.S. 1, 142 S.Ct. 2111, 213 L.Ed.2d 387 (2022)).
[14] 61 F.4th 443 (5th Cir. 2023), *rev'd and remanded* by *United States v. Rahimi*, 602 U.S. 680, 144 S.Ct. 1889, 219 L.Ed.2d 351 (2024).
[15] R. Doc. 60 at pp. 4–6.
[16] *Id.* at p. 5.
[17] *Id.* at p. 3 (quoting *Rahimi*, 602 U.S. at 693, 144 S.Ct. 1889) (internal quotation marks omitted).

not raised any other issue which would allow for an exception to that statutory time period.[18]

Petitioner filed a Reply in support of his Motion to Vacate, arguing that *Rahimi, Bruen*, and the Fifth Circuit's more recent decision in *United States v. Connelly*[19] support his position that 28 U.S.C. § 922 is unconstitutional.[20] Further, seemingly recognizing that his Motion to Vacate was filed outside the statutory time period for filing a motion to vacate under 28 U.S.C. § 2255, Petitioner also raises a claim of actual innocence in his Reply brief.[21] Petitioner contends that "the filing of an out-of-time Section 2255 [sic] that is based on proof of actual innocence, is not subject to 'the exercise of due diligence' as most courts believe that Section 2255(f)(4) requires."[22] In support of his claim of actual innocence, Petitioner contends "that the conduct for which he was charged—Count(s) 1—herein were not criminal under the law at the time of its commission."[23]

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence."[24] The statute sets forth four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the

---

[18] R. Doc. 65 at pp. 2–4.
[19] 117 F.4th 269 (5th Cir. 2024).
[20] R. Doc. 61.
[21] *Id.* at ¶¶ 11–17.
[22] *Id.* at ¶ 12.
[23] *Id.* at ¶ 17.
[24] 28 U.S.C. § 2255(a).

statutory maximum sentence; or (4) the sentence "is otherwise subject to collateral attack."[25]  The petitioner bears the burden of establishing his claims of error by a preponderance of the evidence.[26]  If a court finds that the a petitioner's "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack,"[27] the district court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."[28]

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."[29] Importantly, "a defendant 'may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both "cause" for his procedural default, and "actual prejudice" resulting from the error.'"[30]  "[W]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the petitioner can first demonstrate

---

[25] *Id.*
[26] *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citing *United States v. Kastenbaum*, 613 F.2d 86, 89 (5th Cir. 1980)).
[27] 28 U.S.C. § 2255(b).
[28] *Id.*
[29] *United States v. Gaudet*, 81 F.3d 585 (5th Cir. 1996) (quoting *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994)) (internal quotation marks omitted).
[30] *Segler*, 37 F.3d at 1133 (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc)).

either (1) cause and prejudice, or (2) that he is 'actually innocent' of the crime for which he was convicted."[31]

Pursuant to § 2255, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[32]  Thus, no evidentiary hearing is required if the petitioner fails to produce any "independent indicia of the likely merit of [his] allegations."[33]

The Court finds that no evidentiary hearing is required on Petitioner's claims as Petitioner has failed to produce any independent indicia of the likely merit of his allegations.  Further, to the extent that Petitioner seeks appointed counsel,[34] the Court likewise denies that request.  Petitioner has no right to appointed counsel for a § 2255 matter and Petitioner has not shown any good cause or that the interests of justice require appointment of counsel in this matter.[35]  As such, the Court denies Petitioner's Motion for Evidentiary Hearing and or Appointment of Counsel.[36]

## III.    ANALYSIS

### A. Timeliness of Petitioner's Motion to Vacate.

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
**(1)** the date on which the judgment of conviction becomes final;

---

[31] *United States v. Sorrells*, 145 F.3d 744, 749 (5th Cir. 1998) (citing *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998)).

[32] 28 U.S.C. § 2255(b).

[33] *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)) (internal quotation marks omitted).

[34] R. Doc. 63.

[35] *United States  v. Williams*, Crim. A. No.. 13-286, 2018 WL 3417802 (E.D. La. July 13, 2018) (Vance, J.).

[36] R. Doc. 63.

**(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

**(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The Court entered a Judgment in Petitioner's case on January 18, 2022.[37]  Thereafter, Petitioner failed to file a direct appeal.  In instances where a defendant fails to file a direct appeal, a § 2255 petition must be filed within one year after the 14-day period for filing a direct appeal has expired, that is, 14 days after entry of the judgment of conviction.[38]  In this matter, that date was February 1, 2023.  Petitioner did not file his Motion to Vacate until July 8, 2024.[39]

Regarding the timeliness of the Motion to Vacate, Petitioner contends that "[t]hese court fuling [sic] arise[s] after my initial conviction and sentence and should be considered as a new rule of law."[40]  Petitioner's reference to "court ruling" seems to be a reference to the Supreme Court's decision in *New York State Rifle and Pistol Association, Inc. v. Bruen* or the Fifth Circuit's decision in *United States v. Rahimi*, the only two cases cited and relied on by Petitioner.[41]  Notably, *Bruen* was decided on

---

[37] R. Doc. 46.

[38] *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). ("Applying like reasoning to federal prisoners, at least three of our sister circuits have held that when a federal prisoner fails to file a notice of appeal from his conviction (in other words, when he fails to pursue the direct appeal process), the conviction becomes final for purposes of § 2255 upon the expiration of the 10–day period for filing a direct appeal.  Although not having previously said so explicitly, we agree with this approach to the finality of federal convictions, as it is consistent with our treatment of the finality of state convictions.").

[39] R. Doc. 53.

[40] *Id.* at p. 4.

[41] *Id.*

June 23, 2022 and *Rahimi* was decided by the Fifth Circuit on March 2, 2023. Even if the Court accepts Petitioner's claim that either of these cases is appropriately considered a new rule of law, under 28 U.S.C. § 2255(f)(3) Petitioner had one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" to file his Motion to Vacate. Petitioner's Motion remains untimely, as it was filed well over two years after the *Bruen* decision and well over a year after the *Rahimi* decision. Thus, under either scenario, the Motion to Vacate is untimely. Petitioner has not offered any good cause or basis for an equitable tolling of the statute of limitations.

### B. Petitioner's Substantive Claim Regarding 18 U.S.C. § 922(g)(1).

Because the Court has determined that Petitioner's  Motion to Vacate is untimely and that Petitioner has failed to show good cause for the Court to consider the untimely Motion, the Court need not address the merits of the Motion. Nevertheless, for the reasons stated, the Court finds that Petitioner's challenge to the constitutionality of 18 U.S.C. § 922(g)(1) is without merit. Petitioner fails to establish that § 922(g)(1), which makes it unlawful for a felon to possess a firearm, is unconstitutional and violates the Second Amendment under the test set forth by the Supreme Court in *Bruen*.[42]

---

[42] 597 U.S. 1, 142 S. Ct. 2111, 213 L.Ed.2d 387 (2022).

Petitioner's sole basis for vacating his sentence is that 18 U.S.C. § 922(g)(1) is unconstitutional based on the Supreme Court's decisions in *Bruen* and *Rahimi*.[43] However, Petitioner fails to establish that § 922(g)(1), which makes it unlawful for a felon to possess a firearm, violates the Second Amendment either on its face or as applied based on the test set forth by the Supreme Court in *Bruen*.[44] The Fifth Circuit has had the opportunity to consider a factually analogous challenge to 922(g)(1) in *United States v. Diaz*, and the court denied the defendant's facial challenge to the statute.[45] In reaching its decision, the Fifth Circuit first determined that the plain text of the Second Amendment covers the conduct prohibited by § 922(g)(1) and that the burden therefore shifted to the Government "to demonstrate that regulating Diaz's possession of a firearm is 'consistent with the Nation's historical tradition of firearm regulation.'"[46] As noted by the Government in its brief, the Fifth Circuit in *Diaz* then addressed the facial challenge to the statute, holding, "To sustain a facial challenge, 'the challenger must establish that no set of circumstances exists under

[43] To the extent that Petitioner argues in his Reply brief that the Fifth Circuit decision in *United States v. Connelly* supports his claim, the Court notes that *Connelly* addressed the constitutionality of 18 U.S.C. § 922(g)(3), not 922(g)(1). *See Connelly*, 117 F.4th 269, 272 (5th Cir. 2024). The Court finds the Fifth Circuit decision in *United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024), more analogous and controlling. Petitioner also relies on the Fifth Circuit's decision in *United States v. Rahimi,* wherein the court held that 18 U.S.C. § 922(g)(8), which prohibits firearm possession by those subject to domestic violence restraining orders, is unconstitutional under the Second Amendment. 61 F.4th 443 (5th Cir. 2023). However, on June 21, 2024, the Supreme Court issued its opinion in *Rahimi*, reversing the Fifth Circuit and concluding that § 922(g)(8) is facially constitutional under the Second Amendment. 602 U.S. 680, 144 S.Ct. 1889, 219 L.Ed.2d 351 (2024).

[44] 597 U.S. 1, 142 S.Ct. 2111, 213 L.Ed.2d 387 (2022).

[45] 116 F.4th 458. It is not lost on the Court that Diaz's predicate conviction was for theft. In this case, Petitioner's predicate convictions included simple robbery, carjacking, attempted felon in possession of a firearm, and possession of a firearm by a convicted felon. As noted by the court in *Diaz*, "[a]t that time, at least one of the predicate crimes that Diaz's § 922(g)(1) conviction relies on—theft—was a felony and thus would have led to capital punishment or estate forfeiture. Disarming Diaz fits within this tradition of serious and permanent punishment." 116 F.4th at 469–70. The same holds true in this case.

[46] 116 F.4th at 467 (quoting *Bruen*, 597 U.S. at 24, 142 S.Ct. 2111).

which the statute would be valid.'"[47]  The Court finds that the Government has met

its burden of showing that applying § 922(g)(1) to Petitioner is consistent with this

Nation's historical tradition of firearm regulation.  Further, in conducting its own

analysis, the Court finds a historical analogue to support § 922(g)(1)'s prohibition of

firearm possession in this matter.  For these reasons, and for the additional reasons

set forth in the Government's Opposition briefs,[48] the Court finds the Petitioner's

challenge to § 922(g)(1) is without merit.

Further, to the extent that Petitioner, in his Motion For Leave To Amend and

or [sic] Supplement Defendant's 28 USC Section 2255 Motion To Vacate, Set Aside,

or Correct Sentence, contends that he is "actually innocent" of the crime charged

(felon in possession under 18 U.S.C. § 922(g)(1)), that claim is foreclosed by his guilty

plea.  Petitioner's sole argument in support of this claim of actual innocence is his

reliance on *Bruen* and *Rahimi*; he raises no other argument or evidence to support

this claim.[49]  Again, Petitioner's plea of guilty as charged to the indictment, along

with his acknowledgement of the accuracy of the Factual Basis,[50] without more,

forecloses this argument.

---

[47] 116 F.4th at 471 (quoting *United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987)).
[48] R. Docs. 60 at pp. 4–6; R. Doc. 65 at pp. 6–8.
[49] *See* R. Doc. 62 at ¶ 5.
[50] R. Doc. 30.

## IV.    CERTIFICATE OF APPEALABILITY

When a district court enters a final order adverse to an applicant under 28 U.S.C. § 2255, the Court must issue or deny a certificate of appealability.[51]  A court will issue a certificate of appealability only where the petitioner makes "a substantial showing of the denial of a constitutional right."[52]  The Supreme Court has interpreted this to require that the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[53]  Generally, the controlling standard for a certificate of appealability demands that the petitioner show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further."[54]  For the reasons described above, Petitioner's Motion to Vacate does not satisfy these standards.  Therefore, the Court will not issue a certificate of appealability.

---

[51] Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 11(a).

[52] 28 U.S.C. § 2253(c)(2).

[53] *Tennard v. Dretke*, 542 U.S. 274, 282, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)) (internal quotation marks omitted); *accord Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack*, 529 U.S. at 484, 120 S.Ct. 1595).

[54] *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

## V.    CONCLUSION

**IT IS HEREBY ORDERED** that the Motion Under 28 U.S.C.§ 2255 to Vacate, Set Aside, or Correct Sentence by a Person In Federal Custody [55] is **DENIED.**

**IT IS FURTHER ORDERED** that the Motion for Leave To Amend and or [sic] Supplement Defendant's 28 USC Section 2255 Motion To Vacate, Set Aside, or Correct Sentence[56] is **DENIED.**

**IT IS FURTHER ORDERED** that the Motion for Evidentiary Hearing and or [sic] Appointment of Counsel[57] is **DENIED** for the reasons stated.

New Orleans, Louisiana, March 13, 2025.

**WENDY B. VITTER**
**United States District Judge**

---

[55] R. Doc. 53.
[56] R. Doc. 62.
[57] R. Doc. 63.